UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZINA SHANNON | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2137 |
| ANGLINA CLARK JACKSON, ET AL. | * | SECTION "A" (2) |

**ORDER AND REASONS**

Plaintiff Zina Shannon filed her Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on June 21, 2023. ECF Nos. 1, 2.

## I. APPLICABLE LAW

### A. *In Forma Pauperis* Standard for Authorization to Proceed Without Payment

Plaintiff's application is submitted on the AO 240 Form, but the information provided is unclear and incomplete. ECF No. 2. For instance, she indicates that she has received some "other source" of income in the past 12 months, but does not describe the source or amount of said income. *Id*. Plaintiff further indicates that she has no money in cash or a bank account, does not own a car, and has monthly expenses for rent, electricity, and water.

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[2] Courts should make the assessment of a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (citations omitted); 28 U.S.C. § 1915(a).
[3] *Prows*, 842 F.2d at 140 (citing *Smith v. Martinez*, 706 F.2d 572 (5th Cir. 1983).

1

of plaintiff's income sources and the "demands on [her] financial resources, including whether expenses are discretionary or mandatory."[4]

While Plaintiff's *in forma pauperis* application is sparse and fails to provide certain information, it provides sufficient information to enable the Court to determine that she is unable to pay fees in this matter, as required by 28 U.S.C. § 1915.

## B. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[5] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[6] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[7] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[8]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[9] A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if

---

[4] *Id.*
[5] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[6] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[7] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[8] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[9] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

the complaint alleges the violation of a legal interest which clearly does not exist.'"[10]  A court may not dismiss a claim simply because the facts are "unlikely."[11]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[12]  A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[13]

### C. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "'sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'"[14]  While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation."[15]  Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[16]

### D. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the

---

[10] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[11] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[12] *Id.*
[13] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[14] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R. & R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555–57).
[16] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

parties or otherwise that the court lacks jurisdiction of the subject matter.'"[17]  The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[18]  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[19]

One basis for subject matter jurisdiction is diversity under 28 USC § 1332.  Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[20]  Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[21]  Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction.  28 U.S.C. § 1331.  Federal question jurisdiction is assessed under the well-pleaded complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[22]

## II.    ANALYSIS

Although Plaintiff's *in forma pauperis* application (ECF No. 2) is incomplete, it includes sufficient information to enable the Court to determine that she is unable to pay fees in this matter, as required by 28 U.S.C. § 1915.  Based upon the information provided, Plaintiff will be permitted to proceed *in forma pauperis* in this proceeding under the provisions of 28 U.S.C. § 1915(a).  Although the Court has permitted the plaintiff to proceed *in forma pauperis*, the court must determine whether plaintiff's complaint satisfies the requirements of the *in forma pauperis* statute.

---

[17] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).
[18] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[19] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).
[20] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[21] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).
[22] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

Accordingly, summons will not be issued pending completion of this Court's statutorily-mandated review.

Plaintiff purports to invoke federal question jurisdiction but fails to identify any specific federal statute and/or provision of the United States Constitution at issue in her case. *See* ECF No. 1 ¶ II(A) at 3. Further, although Plaintiff did not check the box on the *Pro Se* Complaint Form indicating that the basis for federal jurisdiction over her claim is diversity, she did complete the diversity jurisdiction portion of the form. *Id*. ¶ II at 3. Shannon lists herself as the Plaintiff, but the identities of the defendants are unclear. She identifies Anglina Clark, Mingo Jackson, Quintella Clark Hawkin, and Derrick Clark as defendants in the caption, but then lists Anglina Clark Jackson, Cheryl Marie Shannon Harris, Quintella Clark Hawkin, and Derrick Clark as defendants in the parties section of the complaint, and then provides information in the diversity portion as to Derrick Clark and Quintella Clark Hawkin only. *Compare* ECF No. 1 at 1 *with* ECF No. 1 ¶ II(B) at 3-4. All parties appear to have Louisiana addresses, suggesting they may well be Louisiana citizens. *Id*. ¶ I(A), at 1-2.

Plaintiff's claims appear local in nature (i.e., a successions dispute with family members). On its face, Plaintiff's complaint does not reflect a colorable claim rising under federal law, as necessary to support federal question jurisdiction under § 1331. Nor has Plaintiff alleged facts necessary to support the exercise of diversity jurisdiction under § 1332. Accordingly, Plaintiff's Complaint appears to lack any basis for this Court's exercise of subject matter jurisdiction.

### III.     CONCLUSION

Plaintiff has established her inability to pay fees under 28 U.S.C. § 1915(a)(1)(2). On its face, however, Plaintiff's Complaint appears to lack any basis for subject matter jurisdiction,

subjecting the complaint to summary dismissal under § 1915(e)(2).  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's *Ex Parte*/Consent Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that the Clerk withhold issuance of summons at this time pending completion of the statutorily mandated review;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **Friday, August 25, 2023**, Plaintiff Zina Shannon **SHOW CAUSE** why her Complaint should not be summarily dismissed for lack of subject matter jurisdiction;

IT IS FURTHER ORDERED that, in response to this show cause order, Plaintiff shall file a response containing **a written statement** setting forth the specific facts upon which she relies to establish a basis for federal subject matter jurisdiction over her claim.  **PLAINTIFF'S FAILURE TO RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HER COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on Friday, August 25, 2023, but the matter will be taken under advisement on the written filings on that date.

New Orleans, Louisiana, this 26th day of June, 2023.

                                               DONNA PHILLIPS CURRAULT
                                               UNITED STATES MAGISTRATE JUDGE