UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZINA SHANNON | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2137 |
| ANGLINA CLARK JACKSON, ET AL. | * | SECTION "A" (2) |

### ORDER AND REASONS

Plaintiff Zina Shannon filed her Complaint and *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on June 21, 2023. ECF Nos. 1, 2. Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily mandated review. ECF No. 3. My June 27, 2023 Order required Plaintiff to file a written response setting forth the specific facts upon which she relies to establish a basis for federal subject matter jurisdiction over her claim, on or before Friday, August 25, 2023, in accordance with 28 U.S.C. § 1915(e)(2). The Order further advised Plaintiff that her failure to respond in writing as directed may result in dismissal of her complaint.

I.  **PLAINTIFF'S CLAIMS**

Plaintiff appears to allege state succession claims regarding her mother's immovable property. ECF No. 1 ¶ II(A). Specifically, she asserts that her mother Mary E. Mingo owned two homes and, after her death, Anglina Clark, Derrick Clark, and Quintella Clark Hawkin claimed that Plaintiff's aunt left them the property that should have been divided among Plaintiff and her siblings instead. *Id*. Plaintiff claims that these family members are "try[ing] to steal [her] share [of] the house." *Id*. ¶ III at 4. She attaches what appears to be a printout of Orleans Parish property records, which list "Jackson Angelina Mingo etal [sic]" as owners. ECF No. 1-1 at 1. On the civil cover sheet for this action, Plaintiff selected suit code 370 ("Other Fraud"). Plaintiff also purports

1

to invoke both this Court's diversity and federal question jurisdiction but fails to set forth specific facts to establish either. She does not list any federal statute, treaty, or other constitutional provision at issue. ECF No. 1 ¶ II, at 3. Further, she lists Louisiana addresses for herself and all Defendants, and the property at issue is located in Orleans Parish, suggesting that no diversity of citizenship exists amongst the parties. *Id*. at 2-3.

The Court's June 27, 2023 Order explicitly instructed Plaintiff to submit a response containing specific facts upon which she relies to establish a basis for federal subject matter jurisdiction over her claim, as necessary to determine whether the complaint satisfies the requirements of the federal *in forma pauperis* statute or the claims lack merit on their face. The Order also placed Plaintiff on notice that her failure to comply with the order may result in the dismissal of her complaint.

## II.     APPLICABLE LAW AND ANALYSIS

### A. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[1] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[1] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[2] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

defendant who is immune."³ This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.⁴

A claim is "frivolous where it lacks an arguable basis either in law or in fact."⁵ A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"⁶ A court may not dismiss a claim simply because the facts are "unlikely."⁷ A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"⁸ A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.⁹

B. **Pleading Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "'sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'"¹⁰ While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than

---

³ *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
⁴ *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
⁵ *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
⁶ *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
⁷ *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
⁸ *Id.*
⁹ *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
¹⁰ *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R. & R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

"unadorned, the-defendant-unlawfully-harmed-me accusation."[11]  Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[12]

C.  **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction.  "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[13]  The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[14]  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[15]

One basis for subject matter jurisdiction is diversity under 28 USC § 1332.  Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[16]  Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[17]  Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction.  28 U.S.C. § 1331.  Federal question jurisdiction is assessed under the well-pleaded complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[18]

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555–57).
[12] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").
[13] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).
[14] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[15] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).
[16] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[17] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).
[18] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

### III.  ANALYSIS

Plaintiff purports to invoke both this Court's diversity and federal question jurisdiction. ECF No. 1 ¶ II, at 3.  Although Plaintiff did not check the box on the *Pro Se* Complaint Form indicating that the basis for federal jurisdiction over her claim is diversity, she did complete the diversity jurisdiction portion of the form.  *Id*. ¶ II at 3.  Shannon lists herself as plaintiff, but the identities of the defendants are unclear.  She identifies Anglina Clark, Mingo Jackson, Quintella Clark Hawkin, and Derrick Clark as defendants in the caption, but then lists Anglina Clark Jackson, Cheryl Marie Shannon Harris, Quintella Clark Hawkin, and Derrick Clark as defendants in the parties section of the complaint, and then provides information in the diversity portion as to Derrick Clark and Quintella Clark Hawkin only.  *Compare* ECF No. 1 at 1 *with* ECF No. 1 ¶ II(B) at 3-4. All parties have Louisiana addresses, suggesting they are Louisiana citizens.  *Id*. ¶ I(A), at 1-2.

Plaintiff's claims are local in nature (i.e., a successions dispute with family members).  On its face, Plaintiff's complaint does not reflect a colorable claim rising under federal law, as necessary to support federal question jurisdiction under § 1331.  Nor has Plaintiff alleged facts necessary to support the exercise of diversity jurisdiction under § 1332. Accordingly, Plaintiff's Complaint lacks any basis for this Court's exercise of subject matter jurisdiction.

In a final effort to provide Plaintiff an opportunity to show cause why her complaint should not be dismissed, I am issuing this Report and Recommendation to the presiding United States District Judge.  Plaintiff is advised that she may object to this Report and Recommendation within fourteen (14) days from the date of service of same.  It is suggested to Plaintiff that any objection should contain a short summary of the reasons why she failed to comply with the court's previous order.  Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans,

Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Report and Recommendation may, and probably will, result in dismissal of her case. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[19]

## IV.  CONCLUSION

Plaintiff's Complaint is subject to summary dismissal under § 1915(e)(2)(B) as frivolous and/or for lack of subject matter jurisdiction. Despite being advised that her failure to respond to the Show Cause Order could result in summary dismissal, Plaintiff failed to comply and has not submitted a written statement setting forth the specific facts supporting her cause(s) of action.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Plaintiff Zina Shannon's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this __28th__ day of August, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[19] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).